**Gilberto RODRIGUEZ, Plaintiff–Appellant,**

v.

**HUMAN RESOURCES DIRECTOR, the Pierre, Defendant,**

The Pierre New York, FRC Properties Partnership, Four Seasons Hotels Limited, Defendants–Appellees.

Docket No. 04–1346–CV.

United States Court of Appeals, Second Circuit.

Sept. 28, 2005.

Gilberto Rodriguez, New York, N.Y., for Plaintiff–Appellant.

Judith A. Stoll, Kane Kessler, P.C., New York, N.Y., for Defendants–Appellees.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Appellant Gilberto Rodriguez ("Rodriguez" or "Appellant") filed an amended complaint in December 2002, claiming that The Pierre New York, FRC Properties Partnership, and Four Seasons Hotels ("Appellees"), for whom he previously worked, had discriminated against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law. § 296. He also asserted that he was discharged in retaliation for opposing his working conditions. In January 2004, the district court granted Appellees' motion for summary judgment, which Rodriguez now appeals. In addition, Rodriguez has filed a motion to have an interpreter appointed and has requested that we appoint counsel. We assume that the parties are familiar with the facts, the procedural history, and the scope of issues before us.

Appellant's age discrimination claim fails for substantially the reasons given by the district court.

Appellant's retaliation claim was never raised in his complaint before the Equal Employment Opportunity Commission and therefore fails because Appellant has not exhausted his administrative remedies. *See Fitzgerald v. Henderson*, 251 F.3d 345, 366–67 (2d Cir.2001).

With respect to the motion for an interpreter, Appellant has given no reasons for his request, nor any explanation of what function an interpreter would serve. Accordingly, his motion is denied.

Appellant's request that we appoint counsel must be considered in light of the factors promulgated in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997) ("In deciding whether to appoint counsel ... [the court] should first determine whether the [Appellant's] position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the [Appellant's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the [Appellant's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."). Because none of these considerations support the appointment of counsel, we deny Appellant's request. *See, e.g., Dean v. New York City Transit Authority*, 297 F.Supp.2d 549, 558 (E.D.N.Y.2004).

We have considered all of the plaintiff's arguments and find them to be without

merit. We therefore AFFIRM the judgment of the district court.